IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWIN STAR VENTURES, INC., et al., | No. 10-4284 MMC |
| Plaintiffs, | **ORDER DIRECTING DEFENDANT TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED** |
| v. | |
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, | |
| Defendant. / | |

Before the Court is defendant Universal Underwriters Insurance Company's Notice of Removal, filed September 22, 2010, in which notice defendant asserts the federal district court has diversity jurisdiction over the claims alleged in plaintiffs' First Amended Complaint ("FAC"). In the FAC, plaintiffs allege a claim for breach of contract and a claim for breach of the covenant of good faith and fair dealing, which claims arise from plaintiffs' allegations that after a third party sued them, and they tendered their defense in the underlying action to defendant, defendant "denied plaintiffs' tender of defense" even though defendant was "obligated to provide plaintiffs with a defense and indemnification." (See FAC ¶¶ 9, 11-12, 20.) According to the FAC, the claim in the underlying action was "for common law invasion of privacy" (see FAC ¶ 10), and the underlying action has "settled" (see FAC ¶ 13).

//

Pursuant 28 U.S.C. § 1332(a), a district court has jurisdiction over an action between diverse parties, "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." See 28 U.S.C. § 1332(a).[1]  Here, in support of the jurisdictional amount, defendant simply states "the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs." (See Not. of Removal ¶ 4.)  Defendant thus appears to rely wholly on the allegations of the FAC.  The FAC, while alleging that plaintiffs are entitled to both economic and non-economic damages "according to proof," as well as "attorneys' fees" (see FAC, Prayer for Relief, ¶¶ 1-3), includes no allegations from which it can be reasonably inferred that the damages exceed the sum of $75,000.  As a consequence, defendant has failed to make the requisite showing that the amount in controversy exceeds $75,000.  See Gaus v. Miles, 980 F.2d 564, 567 (9th Cir. 1992) (holding defendant in removed action "bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount").

Accordingly, no later than October 15, 2010, defendant shall show cause in writing why the action should not be remanded.

**IT IS SO ORDERED.**

Dated: September 24, 2010

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] Defendant has adequately alleged that the parties are diverse.

2