1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   TWIN STAR VENTURES, INC., et al.,          No. 10-4284 MMC

12          Plaintiffs,                          **ORDER DENYING IN PART AND
                                                 DEFERRING IN PART RULING ON**
13      v.                                       **DEFENDANT'S MOTION FOR PARTIAL
                                                 SUMMARY JUDGMENT; AFFORDING**
14   UNIVERSAL UNDERWRITERS                      **DEFENDANT OPPORTUNITY TO FILE
     INSURANCE COMPANY,                          SUPPLEMENT TO REPLY; VACATING**
15                                               **HEARING**
            Defendant.
16   _____/

17

18          Before the Court is defendant Universal Underwriters Insurance Company's

19   ("Universal Underwriters") motion for partial summary judgment, filed January 17, 2014.

20   Plaintiffs Twin Star Ventures, Inc., James Earl Cameron, and Joshua Scott Cameron

21   (collectively, "Twin Star") have filed opposition, to which defendant has replied.  Having

22   read and considered the papers filed in support of and in opposition to the motion, the

23   Court, for the reasons stated below, finds it appropriate to rule in part on the motion at this

24   time and to defer ruling in part to afford Universal Underwriters an opportunity to file a

25   supplement to its reply.[1]

26          In the instant motion, Universal Underwriters seeks judgment on three issues:

27   _____

28          [1]The February 28, 2014 hearing is VACATED.  As noted below, the Court will take
     the deferred portion of the motion under submission as of the deadline for Universal
     Underwriters to file a supplement to its reply.

1   (1) it had no duty to defend Twin Star in an action filed by Larry Jarman ("Underlying

2   Action"); (2) if it had a duty to defend, the duty ceased prior to the date on which the

3   Underlying Action settled; and (3) it has no duty to reimburse Twin Star for the amount Twin

4   Star paid to settle the Underlying Action.

5   **A.  Duty to Defend**

6          As Twin Star correctly points out, the Court, by order filed March 20, 2012, found

7   Universal Underwriters had a duty to defend the Underlying Action, in light of the underlying

8   plaintiff's allegations that his phone calls were taped and listened to by third parties and the

9   policy's coverage of losses resulting from claims for common law invasions of privacy.

10  Consequently, to the extent the instant motion again seeks a ruling on the issue of whether

11  Universal Underwriters had a duty to defend, the motion is, in effect, a motion for

12  reconsideration of the Court's March 20, 2012 order.  In this District, reconsideration of an

13  interlocutory order is governed by Civil Local Rule 7-9, which provides that a party seeking

14  reconsideration must file a motion for leave to file a motion for reconsideration and, in so

15  doing, must show that one of the grounds set forth in Civil Local Rule 7-9(b) exists.  Here,

16  Universal Underwriters has not shown, or even argued, that any ground set forth in Civil

17  Local Rule 7-9(b) exists.  Consequently, for this reason alone, Universal Underwriter's

18  motion, to the extent it seeks reconsideration, will be denied.

19         Alternatively, even if reconsideration were appropriate, Universal Underwriters fails

20  to show it did not have a duty to defend.  The argument made in the instant motion is, in

21  essence, the same argument advanced when Universal Underwriters initially sought a

22  finding it had no duty to defend, specifically, that the underlying plaintiff failed to allege

23  sufficient facts to support a claim that Twin Star violated the underlying plaintiff's common

24  law right of privacy.  Under California law, however, the appropriate test is whether "the

25  facts alleged in the [underlying] complaint" are sufficient to "give rise to the potential of

26  liability" under the policy," see CNA Casualty v. Seaboard Surety Co., 176 Cal. App. 3d

27  598, 607 (1986) (internal quotation and citation omitted), which standard has been liberally

28  construed by California courts, see, e.g., Gray v. Zurich Ins. Co., 65 Cal. 2d 263, 267, 277

1    (1966) (holding, where policy provided coverage for negligence claims, insurer had duty to

2    defend action in which underlying complaint alleged insured "wilfully, maliciously, brutally

3    and intentionally assaulted" plaintiff, because plaintiff "could have amended his complaint to

4    allege merely negligent conduct"); <u>CNA Casualty</u>, 176 Cal. App. 3d at 607-09 and n.4

5    (holding, where policy provided coverage for malicious prosecution claims, insurer had duty

6    to defend action in which underlying complaint alleged antitrust claims based on insured's

7    filing of "false, frivolous and sham counterclaims"; rejecting insurer's argument that no duty

8    to defend existed in light of underlying plaintiff's failure to plead essential element,

9    specifically, "prior termination of the earlier proceeding in favor of the party alleging

10   malicious prosecution").

11          Accordingly, to the extent the motion seeks a finding that Universal Underwriters had

12   no duty to defend, the motion will be denied.

13   **B. Cessation of Duty to Defend**

14          Universal Underwriters next seeks a finding that its duty to defend ceased prior to

15   the settlement of the Underlying Action, specifically, at the time the trial court granted Twin

16   Star's motion for summary judgment on the underlying plaintiff's statutory claim for invasion

17   of privacy.

18          Under California law, "[t]he defense duty is a continuing one, arising on tender of

19   defense and lasting until the underlying lawsuit is concluded, or until it has been shown that

20   there is <u>no</u> potential for coverage."  <u>See</u> <u>Montrose Chemical Corp. v. Superior Court</u>, 6 Cal.

21   4th 287, 295 (1993) (emphasis in original).

22          Universal Underwriters argues that, in light of the reasons why the trial court found

23   the underlying plaintiff could not establish a statutory claim for invasion of privacy, the trial

24   court necessarily would have denied a motion to amend the complaint to add a common

25   law claim for invasion of privacy, and, consequently, the potential for coverage ceased at

26   the time of the court's ruling on the statutory claim.  In its opposition, Twin Star argues that

27   "to be entitled to rights limiting the scope of its duty to defend, the insurer must have

28   defended the case immediately and entirely."  (<u>See</u> Pls.' Opp. at 16:23-24.)  Twin Star fails,

1    however, to cite authority for such proposition,[2] and, presumably for that reason, Universal

2    Underwriters has not responded thereto in its reply.

3        Nevertheless, a review of California law would appear to support Twin Star's

4    argument, specifically, that once a duty to defend arises, the insurer must continue to

5    defend unless and until it obtains a court order providing to the contrary.  See Scottsdale

6    Ins. Co. v. MV Transp., 36 Cal. 4th 643, 657 (2005) (holding once duty to defend arises,

7    "duty to defend then continues until the third party litigation ends, unless the insurer sooner

8    proves, by facts subsequently developed, that the potential for coverage which previously

9    appeared cannot possibly materialize, or no longer exists"); Prichard v. Liberty Mutual Ins.

10   Co., 84 Cal. App. 4th 890, 902-03 (2001) (holding once duty to defend arises, insurer must

11   continue to defend until it establishes in declaratory relief action that duty has ceased;

12   observing "any injustice to the insurer resulting from the time or expense of the declaratory

13   relief action can be offset by the insurer's ability to obtain reimbursement, either from [other

14   insurers] or from the insured"); Hartford Accident & Indemnity Co. v. Superior Court, 23 Cal.

15   App. 4th 1774, 1781 (1994) (holding once duty to defend arises, insurer "must defend until

16   it obtains a declaratory judgment or summary judgment that it [no longer has duty to

17   defend]"; rejecting argument that insurer could "unilaterally terminate a defense for which it

18   potentially is responsible"); Fireman's Fund Ins. Co. v. Chasson, 207 Cal. App. 2d 801, 807

19   (1962) (holding judicial finding that duty to defend ceased during course of underlying

20   proceeding "[does] not have the effect of retroactively relieving the insurer of [its] duty to

21   defend"; further holding insurer is relieved of duty to defend once "judgment in the

22   declaratory relief action becomes final"); Travelers Indemnity Co. v. Insurance Co., 886 F.

23   Supp. 1520, 1526-27 (S.D. Cal. 1995) (holding, under California law, insurer who does not

24   initially defend may not, after conclusion of underlying action, obtain ruling that duty to

25   defend ceased; denying as "moot" insurer's request, made after underlying case settled, for

26

27       [2]The authority cited by Twin Star addresses a different issue, specifically, the
     circumstances under which an insurer, having defended an action comprising both covered
28   and uncovered claims, can seek reimbursement for expenses incurred to defend against
     uncovered claims.  See Buss v. Superior Court, 16 Cal. 4th 35, 39 (1997).

1   finding its duty to defend had ceased, because "all defense costs which could be incurred

2   have already been incurred").

3       As set forth below, the Court will afford Universal Underwriters an opportunity to file

4   a supplement to its reply to address the above-cited authorities.

5   **C.  Duty to Reimburse Twin Star for Settlement Payment**

6       Twin Star also seeks a finding that it does not have a duty to reimburse Twin Star for

7   the amount Twin Star paid to settle the Underlying Action. The Court will defer ruling on

8   such issue until resolution of the question of whether the duty to defend had ceased prior to

9   the date on which the Underlying Action concluded.

10                                  **CONCLUSION**

11       For the reasons stated above:

12       1.  To the extent Universal Underwriter's motion seeks a finding that Universal

13   Underwriters did not have a duty to defend, the motion is hereby DENIED.

14       2.  To the extent the motion seeks a finding that the duty to defend ceased and a

15   finding that Universal Underwriters is not liable for amounts paid to settle, the Court hereby

16   DEFERS ruling thereon and affords Universal Underwriters leave to file, no later than

17   March 5, 2014, a supplemental reply, limited to five pages in length, addressing the

18   authorities cited above.

19       3.  As of March 5, 2014, unless the parties are advised that further briefing and/or

20   oral argument would be of assistance, the Court will take the deferred portion of the motion

21   under submission.

22       **IT IS SO ORDERED.**

23

24   Dated:  February 25, 2014

25                                          MAXINE M. CHESNEY
                                           United States District Judge

26

27

28